MONA BRACCO, AND VICTOR BRACCO, HER HUSBAND, RE-
SPONDENTS, v. PATERSON MORTGAGE AND REALTY
COMPANY, APPELLANT.

Submitted October 2, 1944—Decided January 16, 1945.

Before Justices PARKER and COLIE.

For the appellant, *Cyril J. Galvin.*

For the respondents, *Salvatore D. Viviano.*

PER CURIAM.

This is an accident case. The claim is for personal injury
to a married woman, her husband joining his claim *per quod.*
The circumstances of the accident are unusual but not com-
plicated. Plaintiffs were tenants of one of the apartments
in a house owned by appellant, directly under the roof, which
was leaky and admitted the rain to their rooms. They com-
plained to defendant, and a representative of defendant went
to the house together with an employee of a roofing company
to inspect the roof, with a view to repairs. The two went on
the roof, and in the course of inspection the roofing man
climbed an adjoining sloping roof, slipped and slid down
the sloping roof, and in some way, bricks from a chimney
fell and broke through the roof, and fragments of ceiling fell
on the woman's head. There was a prior suit against both
companies, which was withdrawn, and the present action is
against the realty company alone. There was a judgment of
$400 for the wife and $100 for the husband.

The grounds of appeal are three in number. The first
alleges general error, and of course is ineffectual. The third
alleges error in denying a direction of verdict: but there was
no jury. The second, denial of motion to nonsuit, is alone
cognizable; but we think is without merit. As we view the

case, it is clearly within the rule laid down by the Court of Errors and Appeals in *Perry* v. *Levy,* 87 *N. J. L.* 670, and *Siggins* v. *McGill,* 72 *Id.* 263. At the very least there was a question of fact as regards negligence of the landlord, either in permitting the chimney, which was under its control, to be in such a dilapidated condition as that bricks would fall therefrom on the roof, or in maintaining the roof in such condition that falling bricks would penetrate to and through the ceiling of the upper floor over the head of the plaintiff.

The judgment will be affirmed.